UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| *Czernowski*, 3:06-00519 ) | |

## ORDER

The Magistrate Judge entered a Report and Recommendation (R&R) on June 27, 2013 in which he recommended that plaintiff's motion for provisional substitution be denied, that the motion to dismiss filed by Novartis Pharmaceuticals Corporation (NPC) be granted, and that this case be dismissed with prejudice. (MDL Doc. 6763; Related Case 58) The District Judge rejected the R&R on September 10, 2013 for want of "specific" prior warning that this case could be dismissed for failure to comply with Rule 25(a), Fed. R. Civ. P., and/or the CMO, and granted plaintiff's motion for provisional substitution. (MDL Doc. 6978; Related Case 63) The District Judge forewarned plaintiff and plaintiff's counsel that "any future failure to comply with the CMO and Federal Rules may result in dismissal of this entire case." (MDL Doc. 6978, p. 2; Related Case 63)

The CMO provides the following with respect to provisional substitution granted by the District Judge:

> In the event that no personal representative has been appointed by the deadline for filing a Motion for Substitution, plaintiff's counsel shall describe in the Motion to Substitute the steps taken to obtain the appointment of a personal representative and state whether there are any competing applications. If the Court determines that the person sought to be submitted would be a proper party if appointed a personal representative of the deceased plaintiff and that the provisions of this Section of the Order and Fed. R. Civ. P. 25(a) have otherwise been complied with, the Court will provisionally grant the Motion for Substitution on the condition that the substituted plaintiff

> submit to the Court prior to remand of the plaintiff's claims a copy of the Order appointing him or her as the deceased plaintiff's personal representative.

(MDL Doc. 89, ¶ V.C.2.b, p. 13)

Plaintiff **SHALL COMPLY** with ¶ V of the CMO **NOT LATER THAN October 21, 2013**. Plaintiff **SHALL SUBMIT A COPY** of the order issued by a Florida court of competent authority that plaintiff has been appointed as personal representative of his late wife's estate. In the event that the appropriate letters of administration/testamentary have not been issued by that date, plaintiff **SHALL SUBMIT PROOF** that proceedings have been commenced to that end. Plaintiff is **REMINDED** that failure to comply with Rule 25(a), the CMO, and this order by the date specified could result in this case being dismissed with prejudice and/or sanction imposed.

Plaintiff has been on notice of this specific issue since March 20, 2013 when NPC initially opposed the motion for provisional substitution on the grounds that plaintiff lacked the legal standing to represent this case upon remand. Plaintiff had ample opportunity between then and now to correct the defect had he chosen to do so. Accordingly, no extensions of time will be granted.

It is so **ORDERED**.

**ENTERED** this the 18th day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge